# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Kellogg Brown & Root Services, Inc. ) | ASBCA Nos. 57530, 58161 |
| ) | |
| Under Contract No. DAAA09-02-D-0007 ) | |

APPEARANCES FOR THE APPELLANT:      Craig D. Margolis, Esq.
                                    Amy L. Riella, Esq.
                                    Christian D. Sheehan, Esq.
                                      Vinson & Elkins LLP
                                      Washington, DC

APPEARANCES FOR THE GOVERNMENT:     E. Michael Chiaparas, Esq.
                                      DCMA Chief Trial Attorney
                                    Carol L. Matsunaga, Esq.
                                      Senior Trial Attorney
                                      Defense Contract Management Agency
                                      Carson, CA

                                    John A. Kolar, Esq.
                                    Russell B. Kinner, Esq.
                                      Senior Trial Counsel
                                      Department of Justice
                                      Washington, DC

## OPINION BY ADMINISTRATIVE JUDGE MELNICK
## ON THE GOVERNMENT'S REQUEST TO RECONSIDER THE DENIAL
## OF ITS MOTION TO SUSPEND OR DISMISS THE APPEALS

The government requests the Board reconsider its 25 July 2016 denial of the government's second motion to suspend or dismiss these appeals under Board Rule 20. *See Kellogg Brown & Root Services, Inc.*, ASBCA Nos. 57530, 58161, 16-1 BCA ¶ 36,449. The government reiterates that it is pursuing claims against Kellogg Brown & Root Services, Inc. (KBR) in a United States District Court under the False Claims Act (FCA) and the Contract Disputes Act regarding the costs KBR seeks here. *See* 31 U.S.C. § 3729; 41 U.S.C. § 7103(c)(2); *United States v. Kellogg Brown & Root Services, Inc.*, No. 4:12-cv-04110 (C.D. Ill. filed Nov. 20, 2012). It argues the recent court of appeals decision in *Laguna Construction Co. v. Carter*, 828 F.3d 1364 (Fed. Cir. 2016), compels the Board to suspend the appeals pending resolution of its district court claims.

In evaluating a motion to reconsider, the Board examines whether the movant has provided newly discovered evidence, shown mistakes in the findings of fact, or errors of law. *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911. The Board denied the government's motion to dismiss or to stay the appeals for a second time after considering four factors: (1) the similarity of the facts, issues, and witnesses; (2) whether proceeding here would compromise the fraud case; (3) whether KBR would be harmed by more delay; and (4) whether the duration of the suspension sought was reasonable. Additionally, the Board stressed its inherent authority to manage its docket and to suspend or dismiss appeals without prejudice after weighing the parties' interests and assessing any prejudice. The Board found that the indefinite suspension sought by the government was unreasonable, KBR would be prejudiced by more delay, the government conceded that continuing here with a full record would not be prejudicial to it, and any similarity in facts and issues had already been accounted for by a previous three-year dismissal of the appeals. *KBR*, 16-1 BCA ¶ 36,449 at 177,637-38.

The government maintains that *Laguna* establishes a new legal principle that did not exist when it conceded that proceeding with the appeals here upon a complete record would not prejudice it. According to the government, *Laguna* now dictates as a matter of law that contractor cost appeals such as these must be suspended when they are also the subject of a pending government fraud claim in district court.

In *Laguna*, the contractor's vice president pleaded guilty in district court to conspiracy to defraud the government by participating in a kickback scheme, prompting the government to assert fraud as an affirmative defense before the Board. *Laguna*, 828 F.3d at 1367. The court affirmed the Board's ruling that the fraud constituted a prior material breach of contract. The court acknowledged that established precedent permitted the government to pursue the affirmative defense of fraud here as long as the Board did not have to determine the underlying facts of the fraud, which it did not because fraud was established in the district court. *Id*, at 1368-73. Here, the government's fraud claim remains pending in district court and has not been presented as an affirmative defense.

Nothing in *Laguna* mandates that the Board suspend appeals indefinitely whenever the government has merely filed a fraud case elsewhere that might establish an affirmative defense of prior material breach if and whenever proven. *Laguna* does not bar the Board from determining the reasonableness of costs that are sought in an appeal subject to its jurisdiction simply because those costs have been challenged in a fraud claim pending elsewhere. Although the Board may not make findings about the government's fraud complaint, it may make those findings necessary to decide appeals properly before it. Even if a ruling upon those facts might overlap with ones in dispute in the fraud case, the Board is not required to suspend its own proceedings for that reason. *See BAE Sys. Tactical Vehicle Sys. LP*, ASBCA Nos. 59491, 60433, 16-1 BCA ¶ 36,450 at 177,643 (denying government request to suspend Board appeal involving a defective pricing claim because a parallel FCA action in district court presented the

same issue, noting the matter was within the Board's "statutory mandate"); *TRW, Inc.*, ASBCA Nos. 51172, 51530, 99-2 BCA ¶ 30,407 at 150,331-32 (denying motion to stay appeals addressing contractor's treatment of indirect costs though that matter was arguably "intricately intertwined and/or identical" to matter before the district court).

Nothing else that the government presents is newly discovered evidence, nor does it present error in the Board's factual or legal determinations justifying disturbing its ruling that dismissal without prejudice is inappropriate and a stay is not necessary at this time. Accordingly, the government's motion for reconsideration is denied.

Dated: 8 November 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 57530, 58161, Appeals of Kellogg Brown & Root Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3